**Jerry FRITH, Appellant**

v.

**UNITED STATES of America.**

No. 09–3071.

United States Court of Appeals, Third Circuit.

Submitted for Determination Whether a Certificate of Appealability Should Issue and for

Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or

Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 30, 2009.

Opinion filed Oct. 13, 2009.

Jerry Frith, Fort Dix, NJ, pro se.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Jerry Frith appeals *pro se* from an order of the United States District Court for the District of New Jersey dismissing for lack of jurisdiction his habeas petition filed pursuant to 28 U.S.C. § 2241. For the following reasons, we will summarily affirm.

In 2002, Frith pleaded guilty in the United States District Court for the Southern District of New York to various drug and firearms offenses. He was sentenced to 181 months in prison.[1] Frith apparent-

---

1. Frith was sentenced to 60 months in prison for using a firearm during the commission of a drug trafficking offense, *see* 18 U.S.C. § 924(c)(1). That sentence ran consecutively to concurrent sentences for conspiracy to distribute a controlled substance (121 months in

ly did not file a direct appeal, and his motion pursuant to 28 U.S.C. § 2255 was unsuccessful. In March 2009, Frith filed the present § 2241 petition, alleging that the imposition of a consecutive sentence violated the holding of *United States v. Whitley*, 529 F.3d 150 (2d Cir.2008).[2] The District Court dismissed the petition, concluding that Frith failed to demonstrate that § 2255 would be "inadequate or ineffective" to test the legality of his detention. Frith next filed a timely motion for reconsideration, which the District Court denied. Frith appealed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's dismissal. *See Okereke v. United States*, 307 F.3d 117, 119 (3d Cir. 2002). Summary affirmance is proper when "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6.

The presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence is by motion pursuant to 28 U.S.C. § 2255, unless such a motion would be "inadequate or ineffective." *Okereke*, 307 F.3d at 120. Lack of success in a previous § 2255 motion, without more, does not render § 2255 inadequate or ineffective; nor do AEDPA's restrictions on filing successive § 2255

motions. *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002). We agree with the District Court that dismissal on jurisdictional grounds was proper because Frith's case does not fit within the narrow class of circumstances where a § 2255 motion would be inadequate or ineffective to challenge his conviction. *See Robinson v. Johnson*, 313 F.3d 128, 139–40 (3d Cir.2002).

Because this appeal does not present a substantial question, we will summarily affirm the District Court's order dismissing Frith's § 2241 petition.[3] *See* 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

prison), 18 U.S.C. §§ 841(b)(1)(A) & 846, and possession of a firearm by a convicted felon (120 months in prison), *see* 18 U.S.C. § 922(g)(1).

2. In *Whitley*, the Second Circuit found that a consecutive ten-year minimum sentence for discharge of a firearm pursuant to 18 U.S.C. § 924(c)(1)(A)(iii), did not apply to a defendant who was also subject to a fifteen-year minimum sentence provided by the Armed

Career Criminal Act's "three strikes" rule under §§ 922(g)(1) and 924(e). *See* 529 F.3d at 158. We recently rejected this approach. *See United States v. Abbott*, 574 F.3d 203, 206–11 (3d Cir.2009).

3. A certificate of appealability is denied, as one is not required to appeal from the denial of Frith's § 2241 petition. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir.2009).