06-0131-cr
U.S. v. Whitley

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2007

Heard: April 14, 2008                    Decided: June 16, 2008

Docket No. 06-0131-cr

- - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,
          Appellee,

          v.

LATIE WHITLEY,
          Defendant-Appellant.
- - - - - - - - - - - - - - - - - -

Before: NEWMAN, SACK, and B.D. PARKER, <u>Circuit Judges</u>.

Appeal from the December 30, 2005, judgment of conviction of the United States District Court for the Southern District of New York (Richard Conway Casey, District Judge), sentencing the Defendant to concurrent terms of 282 months for a Hobbs Act robbery and a career criminal firearms possession violation, plus a consecutive mandatory minimum term of 120 months for discharging a firearm. Defendant contends that the "except" clause of 18 U.S.C. § 924(c)(1)(A) exempts him from the ten-year minimum consecutive sentence provided by 18 U.S.C. § 924(c)(1)(A)(iii).

Remanded for resentencing.

Kim P. Bonstrom, Bonstrom & Murphy, Shelter Island, N.Y., for Defendant-Appellant.

Anjan Sahni, Asst. U.S. Atty., New York, N.Y. (Michael J. Garcia, U.S. Atty., Justin S. Weddle, Asst. U.S. Atty., New York, N.Y., on the brief), for Appellee.

JON O. NEWMAN, Circuit Judge.

This criminal appeal presents the unusual situation in which the literal meaning of a sentencing statute has been disregarded to the detriment of a defendant. Latie Whitley appeals from the December 30, 2005, judgment of the United States District Court for the Southern District of New York (Richard Conway Casey, District Judge), following a four-day trial. He was sentenced principally to concurrent terms of 282 months for a Hobbs Act robbery and a career criminal firearms possession violation, plus a consecutive mandatory minimum term of 120 months for discharging a firearm. His appeal challenges the imposition of the consecutive ten-year minimum sentence for discharging a firearm, see 18 U.S.C. § 924(c)(1)(A)(iii), both because the "except" clause of subsection 924(c)(1)(A) exempts him from the minimum sentence, and because he lacked the mens rea that he asserts is required for a valid firearms discharge conviction.

We agree that the consecutive minimum ten-year sentence is inapplicable to Whitley because he was subject to a higher fifteen-year minimum sentence as an armed career criminal. As a result, we

-2-

need not consider whether the ten-year consecutive sentence provision requires <u>mens rea</u>. We therefore remand for resentencing.

## Background

Whitley participated in an armed robbery of a delicatessen in the Bronx in November 2004, during which he emptied the store's cash register, pointed a gun at employees, and inadvertently discharged the firearm, injuring himself in the face. The indictment charged three counts. Count One charged a Hobbs Act robbery, in violation of 18 U.S.C. § 1951. Count Two charged using, carrying, and possessing a firearm that was discharged during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Count Three, the armed career criminal offense, charged possessing a firearm after having been convicted of at least three violent felonies or serious drug offenses, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Count Three was bifurcated for separate trial to avoid any prejudice from evidence of the prior offenses relevant to that count. The jury returned guilty verdicts on all three counts.

As to Count Two, the Court, over Whitley's objection, instructed the jury to make a finding on whether the firearm was discharged and stated the "discharge need not be intentional." The jury specifically found that the firearm was discharged. As to Count Three, the jury found that Whitley had at least three prior convictions for robbery or narcotics offenses.

-3-

The pre-sentence report ("PSR") calculated an adjusted offense level of 34, based on a grouping of Counts One and Two, which, in Criminal History Category VI, yielded a sentencing range of 262 to 327 months. The PSR recommended a consecutive 120-month sentence on Count Two. Judge Casey sentenced Whitley to concurrent terms of 262 months on Counts One and Three, plus 120 months consecutively on Count II.

## Discussion

The validity of Whitley's ten-year consecutive term depends on the proper construction of the language contained in subsection (c) of 18 U.S.C. § 924, particularly the introductory "except" clause of subdivision (1)(A) of subsection 924(c).[1] That subsection specifies three levels of minimum sentences for firearms activity in connection

---

[1]In the District Court, Whitley challenged the ten-year consecutive sentence imposed under section 924(c)(1)(A)(iii) on double jeopardy grounds, related to, but not precisely relying on, an interpretation of the "except" clause. The Government concedes, see Br. for Appellee at 19, however, that if Whitley's reading of the clause is correct, the plain error standard of review would be met. See United States v. Simmons, 343 F.3d 72, 80 (2d Cir. 2003) (relaxed plain error review for some sentencing errors); United States v. Cortes-Claudio, 312 F.3d 17, 24 (1st Cir. 2002) (same); United States v. Sofsky, 287 F.3d 122, 125 (2d Cir. 2002) (same).

-4-

with a crime of violence, depending on whether the firearm was possessed, brandished, or discharged. The subsection provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). Where applicable, the five-, seven-, or ten-year sentences (for possession, brandishing, or discharge, respectively) must run consecutively to any other term of imprisonment, including the term imposed for the underlying crime of violence. See id. § 924(c)(1)(D)(ii).

Subsection (e) of 18 U.S.C. § 924, the armed career criminal provision, requires a minimum term of fifteen years for any defendant who, like Whitley, has been convicted of violating 18 U.S.C. § 922(g)(1) (prohibiting felons from possessing firearms in or affecting commerce), and has three previous convictions for a violent

-5-

felony or a serious drug offense. See 18 U.S.C. § 924(e).

Thus, if the "except" clause of subsection 924(c)(1)(A) means what it literally says, the ten-year minimum sentence required by subdivision (iii) of that subsection for discharge of a firearm, which must run consecutively by virtue of subsection 924(c)(1)(D)(ii), does not apply to Whitley because, in the words of that clause, "a greater minimum sentence is otherwise provided by . . . any other provision of law," namely, subsection 924(e), which subjects him to a fifteen-year minimum sentence.

The Government urges us to reject the literal meaning of the "except" clause because it is "unsupported by the text, design, or the purpose of the statute," Br. for Appellee at 25, "would produce illogical and distorted outcomes that Congress clearly did not intend," id., and has been rejected by other circuits, id. at 30. We consider these arguments in turn.

(a) Text. The Government's "text" argument curiously departs from the wording of the "except" clause. Its brief reads, "The prefatory exception clause in Section 924(c)(1)(A) states that unless some other statutory provision requires a higher minimum consecutive sentence for a firearm offense, one of the sentences specified in Sections 924(c)(1)(A)(i) through (iii)--for use, brandishing, or discharge of a firearm--should be imposed." Id. at 25 (emphases added). However, the emphasized words, "consecutive" and "firearm,"

-6-

do not appear in the "except" clause. Proceeding from its rewritten version of the clause, the Government then illustrates what it contends is the limited meaning of the clause. Possession of an ordinary handgun in furtherance of a crime of violence would require only a five-year consecutive sentence under subsection 924(c)(1)(A)(i); possession of an assault rifle would require a higher ten-year consecutive sentence under subsection 924(c)(1)(B)(i); and possession of a machine gun would require the still higher thirty-year consecutive sentence under subsection 924(c)(1)(B)(ii). See id. at 26. But, in the Government's view, the "except" clause does not exempt Whitley from the consecutive ten-year sentence prescribed by subsection 924(c)(1)(A)(iii) for discharging a firearm because his conviction on Count Three, although requiring a higher fifteen-year minimum sentence, does not require a higher consecutive sentence. The flaw in the Government's argument, of course, is that the word "consecutive" does not appear in the text of the "except" clause. The clause at the start of subsection 924(c) exempts Whitley from the minimum ten-year sentence for discharging a firearm, contained in subsection 924(c), because another provision of law, 18 U.S.C. § 924(e), provides for a higher fifteen-year minimum sentence for his conviction on Count Three.

(b) Design. The Government's "design" argument, advanced at oral argument, is drawn from United States v. Alaniz, 235 F.3d 386 (8th

-7-

Cir. 2000). <u>Alaniz</u> declined to read the "except" clause literally out of concern that, in the absence of the clause, "the self-standing provisions in [subdivisions] (c)(1)(B) and (c)(1)(C) [of section 924] are grammatically and conceptually incomplete." <u>Id.</u> at 389. The Eighth Circuit noted that in the previous version of section 924(c), the enhanced penalties for types of weapons and for prior convictions were set forth in what the Court called "an undivided subsection" (set forth in the margin[2]), <u>id.</u> at 388, meaning that there were no numbered

_____

[2]Before 1998, section 924(c) provided:

Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, to imprisonment for ten years, and if the firearm is a machinegun, or a destructive device,

-8-

or lettered subdivisions within section 924(c).  The Court thought that the "except" clause was needed "to link the remaining prefatory language in (c)(1)(A) to each sentence length set forth in

---

or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years.

In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to life imprisonment without release. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

18 U.S.C. § 924(c)(1) (1994), amended by Pub. L. No. 105-386, 18 U.S.C. § 924 (c)(1) (Supp. IV 1998).

subdivisions (c)(1)(B) and (c)(1)(C)." Id. at 389.  We disagree.

Passing the objection that even a grammatical imperfection would be a dubious basis for adding a ten-year consecutive sentence contrary to the plain wording of a statute, we fail to see any grammatical problem at all, and neither the Eighth Circuit or the Government has identified any problem that would result in the absence of the "except" clause.  Furthermore, the structural argument encounters the objection that the need to link subdivision (c)(1)(A) with subdivisions (c)(1)(B) and (c)(1)(C) does not explain the broad phrase "or by any other provision of law; if linking the various provisions of subsection (c)(1) together was the sole purpose of the "except" clause, the clause would have ended with the phrase "provided by this subsection," and the phrase "or by any other provision of law" would have been unnecessary.  Finally, we note that, after the Department of Justice had an opportunity to see a Senate version of what became the 1998 amendment of section 924(c), which included the "except" clause, the Department resubmitted to Congress its preferred version of an amended section 924(c), which included lettered and numbered subdivisions but did not include the "except" clause.[3]  Apparently the

---

[3]The Senate version was introduced by Senator Helms on January 22, 1997.  See S. 191, 105th Cong. (Jan. 22, 1997).  The Department of Justice presented its proposal a month later. See Letter from Andrew

-10-

Department did not then think the "except" clause was needed to avoid a grammatical problem.

(c) Purpose. Of arguably greater force is the Government's claim that a literal reading of the "except" clause would be inconsistent with the congressional purpose in amending section 924(c). The amended version was Congress's response to the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). The Court there ruled that the then-existing version of section 924(c), which provided a five-year minimum consecutive sentence for any person who "uses or carries a firearm" during a drug trafficking or violence crime, required "active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Id. at 143 (emphasis in original).

Amended section 924(c) overcame the Bailey interpretation by extending the provision's coverage to any person who, "in furtherance of [a drug trafficking or violence] crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). The amended section also provided graduated penalties of five, seven, and ten years for possession, brandishing, and discharge of an ordinary firearm, and increased the subsequent offender penalty from twenty to twenty-five years.

_____

Fois, Ass't Attorney General, Office of Legislative Affairs, to Albert Gore, Feb. 25, 1997.

-11-

The Government argues that it would be inconsistent with the evident congressional purpose to expand the coverage of section 924(c) and increase penalties if the "except" clause were read literally to exempt Whitley from the ten-year minimum consecutive penalty for discharging a firearm, pursuant to subsection 924(c)(1)(A)(iii), just because he was subjected to the higher fifteen-year minimum penalty of subsection 924(e).

Although we have no doubt that a congressional purpose was to enhance firearms penalties,[4] we do not regard it as inconsistent with that purpose for Congress to have provided a series of increased minimum sentences and also to have made a reasoned judgment that where a defendant is exposed to two minimum sentences, some of which were increased by the 1998 amended version, only the higher minimum should apply.  Indeed, such a sentencing pattern seems eminently sound.

(d) <u>Illogical results.</u>  The Government contends that reading the "except" clause literally can lead to illogical results.  As an example, the Government points out that a defendant who brandished a

_____

[4]<u>See</u>, <u>e.g.</u>, 143 Cong. Rec. S405 (Jan. 21, 1997) (statements of Senator Helms and Abraham); <u>see</u> <u>generally</u> Paul J. Hofer, <u>Federal Sentencing for Violent and Drug Trafficking Crimes Involving Firearms: Recent Changes and Prospects for Improvement</u>, 37 Am. Crim. L. Rev. 41, 65 (2000).

firearm, resulting in a seven-year minimum consecutive sentence, see 18 U.S.C. § 924(c)(1)(A)(ii), would be subject to a twelve-year minimum sentence if he also possessed 500 grams of cocaine, resulting in a five-year minimum sentence, see 21 U.S.C. § 841(b)(1)(B), but would be subject to only a ten-year minimum sentence if he possessed five kilograms of cocaine, resulting in a ten-year minimum sentence, see 21 U.S.C. § 841(b)(1)(A), because that sentence is a higher minimum than the brandishing minimum.

Even this apparent anomaly, which disappears upon close scrutiny, does not persuade us to reject the literal wording of the "except" clause. The reason is that no court would be required to sentence the five-kilogram defendant to only the ten-year minimum. That defendant would face a maximum sentence of life, see id., and a sentencing judge, acting consistent with 18 U.S.C. § 3553(a), could increase the sentence above the minimum in view of the brandishing. If the "except" clause subjected more serious drug offenders to a lower maximum sentence than less serious drug offenders, the Government's anomaly argument would have some force.

Moreover, even the apparent anomaly advanced by the Government could be overcome if the "except" clause were limited to higher minimums contained only in firearms offenses, rather than, as it reads, to higher minimums provided "by any other provision of law." We note that the Fifth and Eighth Circuits have interpreted the

-13-

"except" clause to have a firearms limitation. See United States v. Collins, 205 Fed. Appx. 196, 198 (5th Cir. 2006) ("[I]t is reasonable to read the phrase 'any other provision of law' as referring to legal provisions outside the confines of § 924(c) that concern firearm possession . . . .") (emphasis added); Alaniz, 235 F.3d at 389 ("Subdivision (c)(1)(A)'s greater minimum sentence clause refers only to the firearm-related conduct proscribed either by § 924(c)(1) or 'by any other provision of law.'") (emphasis added); see also United States v. Jolivette, 257 F.3d 581, 587 (6th Cir. 2001) (citing with approval the "firearm-related conduct" language from Alaniz).

(e) Case law. Finally, the Government points out that the Fourth, Sixth, and Eighth Circuits have declined to read the "except" clause literally, see United States v. Studifin, 240 F.3d 415, 423 (4th Cir. 2001); Jolivette, 257 F.3d at 587 (Sixth Circuit); Alaniz, 235 F.3d at 389 (Eighth Circuit), as have the Fifth and Sixth Circuits in non-precedential decisions, see Collins, 205 Fed. Appx. at 198 (Fifth Circuit); United States v. Baldwin, 41 Fed. Appx. 713, 715 (6th Cir. 2002).

Although we hesitate to precipitate a circuit split, we conclude that there are substantial grounds for doing so with respect to the interpretation of the "except" clause. First, we have repeatedly been instructed to give statutes a literal reading and apply the plain meaning of the words Congress has used. See, e.g., Connecticut

-14-

National Bank v. Germain, 503 U.S. 249, 253-54 (1992); Central Trust Co. v. Official Creditors' Committee of Geiger Enterprises, Inc., 454 U.S. 354, 359-60 (1982); Rubin v. United States, 449 U.S. 424, 430 (1981); Caminetti v. United States, 242 U.S. 470, 485 (1917).  Indeed, the Supreme Court has reversed a court of appeals for not giving a literal reading to another provision of section 924(c). See United States v. Gonzales, 520 U.S. 1, 8 (1997) (observing, with respect to what is now subsection 924(c)(1)(D)(ii), that "'where there is no ambiguity in the words, there is no room for construction.  The case must be a strong one indeed, which would justify a court in departing from the plain meaning of words . . . .'") (quoting United States v. Wiltberger, 18 U.S. (5 Wheat.) 76, 95-96 (1820) (Banks Law Publishing Co.) (1904) (Marshall, C. J.)).  And last month, the Supreme Court reversed a court of appeals for "contort[ing]" the "plain terms" of section 924(e) by reading the phrase "maximum term of imprisonment prescribed by law" to mean the maximum without regard to recidivist enhancements. See United States v. Rodriquez, 128 S. Ct. 1783, 1788 (2008).

We acknowledge that where the literal meaning of a statute yields an illogical result or one manifestly not intended by the legislature, departure from strict adherence to statutory text may be warranted. See, e.g., Lamie v. United States Trustee, 540 U.S. 526, 534 (2004); United States v. Bryan, 339 U.S. 323, 338 (1950).  Even in the absence

-15-

of such circumstances, the Supreme Court many years ago made an exception to the plain meaning of a criminal statute to <u>benefit</u> a minister by exempting him from coverage of the statute. See <u>Holy Trinity Church v. United States</u>, 143 U.S. 457, 459 (1892). But, other than the decisions cited above that have rewritten the "except" clause in different ways to escape its plain meaning, we are aware of no decision rejecting the literal meaning of statutory language to the detriment of a criminal defendant.

Second, the case law rejecting a literal reading of the "except" clause was initiated by the Eighth Circuit's reliance in <u>Alaniz</u> on the questionable and unexplained argument, which we rejected above, that a literal reading would render section 924(c) "grammatically and conceptually incomplete." 235 F.3d at 389. <u>Alaniz</u> was cited approvingly by <u>Studifin</u>, 240 F.3d at 422-23, and later by <u>Jolivette</u>, 257 F.3d at 587, <u>Collins</u>, 205 Fed. Appx. at 715, and <u>Baldwin</u>, 41 Fed. Appx. at 198.

Third, four of the five decisions rejecting a literal reading of the "except" clause did not involve a defendant, like Whitley, subject to a minimum fifteen-year sentence required by 18 U.S.C. § 924(e). The defendants in <u>Alaniz</u> and <u>Collins</u> were convicted of narcotics offenses, and the Eighth and Fifth Circuits rejected a literal reading of the "except" clause by limiting it to statutes imposing higher minimum sentences for firearms offenses, see <u>Alaniz</u>, 235 F.3d at 389;

-16-

Collins, 205 Fed. Appx. at 198, a reading that would still exempt Whitley. The defendants in Jolivette and Baldwin were convicted of violating bank robbery statutes that did not provide any minimum sentences, see Jolivette, 257 F.3d at 585; Baldwin, 41 Fed. Appx. at 714; so the Sixth Circuit's rejection of a literal reading of the "except" clause is dictum.

Only the Fourth Circuit has declined to read the "except" clause literally as applied to a defendant, like Whitley, who has been convicted of violating section 922(g)(1) and punished as an armed career criminal under section 924(e). In Studifin, the Court approved a consecutive seven-year sentence under subsection 924(c)(1)(A)(ii), see 240 F.3d at 421 n.4, in addition to concurrent fifteen-year sentences for a Hobbs Act robbery and an armed career criminal conviction under section 922(g)(1), for which the minimum sentence was required by section 924(e), see 240 F.3d at 420-24. The Court accomplished this result by reading the "except" clause to exempt minimum sentence requirements only where another provision provides "an even greater mandatory minimum consecutive sentence for a violation of § 924(c)." Id. at 423 (emphasis added). In cases not involving the minimum sentence of section 924(e), the Sixth and Eighth Circuits have also inserted the word "consecutive" into their understanding of the "except" clause. See Baldwin, 41 Fed. Appx. at

715; <u>Alaniz</u>, 235 F.3d at 389.[5]

The judicial insertion of the word "consecutive" into the legislative language that covers "a greater minimum sentence . . . provided . . . by any other provision of law" was deemed warranted by the Fourth Circuit in <u>Studefin</u> to avoid the perceived anomaly of not imposing consecutive sentences under section 924(c)(1)(A) for armed career criminals sentenced under section 924(e) while imposing such sentences on "less serious offenders who have committed fewer prior serious felonies." 240 F.3d at 423 (footnote omitted).  It is not readily apparent why such a result would be an anomaly.  The firearms offender with fewer than three prior serious felonies would receive a minimum five-, seven-, or ten-year consecutive minimum under subdivisions 924(c)(1)(A)(i)-(iii), or, if sentenced as an armed career criminal, would be subject to the higher fifteen-year minimum sentence provided by subsection 924(e).  The minimums would be

_____

    [5]Condemning the insertion of words into a statute as "not faithful to the statutory text," the Supreme Court in <u>Rodriquez</u> rejected the defendant's argument that "reads [section 924(e)] as referring to 'the maximum term of imprisonment prescribed by law' for a defendant <u>with no prior convictions that trigger a recidivist enhancement</u>," because "that is not what [section 924(e)] says." <u>Rodriquez</u>, 128 S. Ct. at 1788-89 (emphasis in original).

appropriately graded, and the sentencing judge, although not required to impose a consecutive firearms sentence on top of the fifteen-year sentence, would retain the authority to do so if appropriate, consistent with 18 U.S.C. § 3553(a), thereby avoiding the perceived anomaly.

The Fourth Circuit was also concerned that a literal reading of the "except" clause would displace the prohibition of section 924(c) that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment . . . ." 18 U.S.C. § 924(c)(1)(D)(ii). See Studefin, 240 F.3d at 423 & n.8. This argument assumes that if the "except" clause is read literally, the five-, seven-, and ten-year minimum punishments provided by subdivisions 924(c)(1)(A)(i)-(iii) would be imposed concurrently. That is incorrect. If the "except" clause is read literally, those less-than-fifteen-year minimum punishments would not be imposed at all on a defendant punished under section 924(e). A defendant subject to the higher minimum of section 924(e) would be exempt from the lower minimum penalties of subsection 924(c)(1)(A). Of course, the sentencing judge would retain the authority to reflect the offender's use of a firearm by increasing the minimum fifteen-year sentence to any appropriate level, consistent with 18 U.S.C. § 3553(a), even as high as life. See Custis v. United States, 511 U.S. 485, 487 (1994) (noting that maximum sentence under 18 U.S.C. § 924(e) is life without parole); United States v. Washington, 462 F.3d 1124,

-19-

1139 n.8 (9th Cir. 2006) ("When a statute fails to state a maximum sentence, the maximum available sentence under the statute is life.").

Read literally, as we believe the "except" clause of subsection 924(c)(1)(A) should be, the clause exempts Whitley from the consecutive ten-year minimum sentence for discharging a firearm because he is subject to the higher fifteen-year minimum sentence provided by section 924(e). The case must therefore be remanded for resentencing. Upon resentencing, Whitley remains subject to the minimum fifteen-year sentence provided by section 924(e), and the sentencing judge retains authority to select any appropriate sentence, consistent with 18 U.S.C. § 3553(a), whether or not pursuant to the Guidelines,[6] above that minimum.

## Conclusion

The case is remanded for resentencing.

---

[6]The Government contends that the Guidelines range used by the District Court, 382 to 447 months, was incorrect and should have been 360 months to life. Both the Guidelines range used by the Court and the different range (with a lower bottom) now urged by the Government assume that the 120 months provided by the firearm discharge provision of subsection 924(c)(1)(A)(iii) is applicable to Whitley. Because we reject that assumption, we leave the calculation of a correct Guidelines range to the District Court on remand.