

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2009

# USA v. Carlos Lopez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4670

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Carlos Lopez" (2009). *2009 Decisions.* Paper 1355.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1355

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-167                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4670
_____

UNITED STATES OF AMERICA

v.

CARLOS LOPEZ,
a/k/a CARLITOS

CARLOS LOPEZ,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 94-00184-1)
District Judge:  Honorable John R. Padova

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 23, 2009

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed May 18, 2009)
_____

OPINION
_____

PER CURIAM

        Appellant Carlos Lopez appeals from an order of the District Court denying his

"motion to amend judgment." We will affirm.

In 1994, Lopez pleaded guilty to eleven counts of drug-related crimes, and one count of using a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). For the drug offenses, he was sentenced to 262 months of imprisonment to run concurrently. For the gun offense, he was sentenced to 60 months of imprisonment to run consecutively, as required by § 924(c)(1)(D). Following amendments to the Sentencing Guidelines, Lopez's concurrent sentences were reduced to an aggregate of 168 months, and the consecutive sentence of 60 months remained intact.

On November 3, 2008, Lopez filed the instant motion. Therein, he cited two cases as "authority to persuade [the District Court] to amend judgment executed on December 13, 1994, to run all counts con-current [sic] as opposed to consecutive, consistent with substantial justice." The District Court denied the motion, finding that "[n]o matter whether we construe his motion as one to correct sentence under Fed. R. Crim. P. 35 or as a notice of appeal under § 3742, we deny his motion as untimely." Lopez timely appealed from that order.

As a preliminary matter, we do not endorse the District Court's literal reading of the heading atop Lopez's filing for purposes of analyzing his claim. See United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) ("federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory

2

framework") (citation omitted). Clearly, Lopez is not trying to "correct a sentence that resulted from arithmetical, technical, or other clear error" pursuant to Fed. R. Crim. P. 35(a). As such, that statute's seven-day limitations period is inapplicable. Nor is Lopez attempting to take a direct appeal more than a decade after he was convicted, and thus the District Court's timeliness analysis under 18 U.S.C. § 3742(a)(1), is flawed as well.

Instead, the body of Lopez's motion reveals that he attempted to persuade the District Court to adopt the holding of the Second Circuit's opinion in United States v. Whitley, 529 F.3d 150 (2d Cir.), reh'g denied, 540 F.3d 87 (2d Cir. 2008), in order to invalidate his consecutive sixty-month sentence for using a firearm.[1] Thus, the motion is more appropriately read as a collateral attack by Lopez on his sentence. So read, the District Court should have dismissed the motion for lack of jurisdiction, as Lopez has already filed one § 2255 motion, which the District Court denied on November 30, 2000, and he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before filing a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A).

Indeed, this would have been the proper course of events, because the presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence

---

[1] In Whitley, a panel of the Second Circuit found that a consecutive ten-year minimum sentence for discharge of a firearm pursuant to 18 U.S.C. § 924(c)(1)(A)(iii), did not apply to a defendant who was also subject to a fifteen-year minimum sentence provided by ACCA's "three strikes" rule under §§ 922(g)(1) and 924(e) of that title. See 529 F.3d at 158. We express no opinion on the resultant circuit split at this time.

is by motion pursuant to 28 U.S.C. § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); see also Davis v. United States, 417 U.S. 333, 343 (1974). That said, we need not remand this case to the District Court so that it may dismiss the motion on alternative grounds. Rather, we will modify the District Court's order so that it can be read as dismissing Lopez's "motion to amend" as an impermissibly second or successive § 2255 motion, and we will affirm on that basis.

There being no substantial question presented by Lopez's appeal, we will summarily affirm the District Court's order as modified by this opinion. See LAR 27.4; I.O.P. 10.6.