09-1308-cr
United States v. Huckabee

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of June, two thousand ten.

PRESENT:   JON O. NEWMAN,
           CHESTER J. STRAUB,
           REENA RAGGI,
                   *Circuit Judges.*

---------------------------------------------------------

UNITED STATES OF AMERICA,
            *Appellant*,

            v.                                          No. 09-1308-cr

JOSHUA HUCKABEE,
            *Defendant-Appellee*.

---------------------------------------------------------

APPEARING FOR APPELLANT:        JAMES R. SMART, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, *of counsel*), *for* Nora R. Dannehy, United States Attorney for the District of Connecticut, New Haven, Connecticut.

APPEARING FOR APPELLEE:         FRANCIS L. O'REILLY, O'Reilly & Shaw, LLC, Southport, Connecticut.

     Appeal from the United States District Court for the District of Connecticut (Peter C.

Dorsey, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the March 18, 2009 judgment of the district court is AFFIRMED.

Defendant Joshua Huckabee pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base, see 21 U.S.C. § 841(a)(1), (b)(1)(A); possession of a firearm in furtherance of a drug trafficking crime, see 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm by a convicted felon, see id. §§ 922(g)(1), 924(a)(2). On appeal, the United States challenges the district court's decision to run 60-month prison sentences on each of the firearms counts concurrently with each other and with the 120-month mandatory sentence on the drug count. To the extent the district court based its decision on United States v. Williams, 558 F.3d 166 (2d Cir. 2009), the government contends that Williams was wrongly decided.

Title 18 U.S.C. § 924(c), which criminalizes using or carrying a firearm during or in relation to a crime of violence or a drug trafficking crime, requires a mandatory minimum term of incarceration over and above any sentence imposed based on the underlying crime "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." 18 U.S.C. § 924(c)(1)(A). In United States v. Whitley, 529 F.3d 150, 158 (2d Cir. 2008), we interpreted this "except" clause to mean that a mandatory minimum sentence imposed under § 924(c) need not run consecutively to a greater mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). In Williams, we declined to confine Whitley to cases where the greater mandatory

2

minimum was itself provided in § 924, instead concluding that the § 924(c) "except" clause applied to any greater mandatory minimum, including those prescribed in 21 U.S.C. § 841(b)(1)(A). See United States v. Williams, 558 F.3d at 171.

The issue has split the circuits, and the United States has petitioned for a writ of certiorari in Williams. See 78 U.S.L.W. 3254 (U.S. Oct. 20, 2009) (No. 09-466). In fact, the Supreme Court has granted certiorari in United States v. Abbott, 574 F.3d 203 (3d Cir. 2009), cert. granted, 130 S. Ct. 1284 (2010), and United States v. Gould, 329 F. App'x 569 (5th Cir. 2009), cert. granted, 130 S. Ct. 1283 (2010), which adopt constructions of the § 924(c) mandate that differ from ours. Nevertheless, in the absence of contrary controlling authority from the Supreme Court, our precedents require affirmance. See United States v. Jass, 569 F.3d 47, 58 (2d Cir. 2009) (noting panel "is bound by prior decisions of this court unless and until the precedents established therein are reversed en banc or by the Supreme Court").

The judgment of the district court is AFFIRMED.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, Clerk of Court

3