08-2834-cr
United States v. Garcia (Praylow)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of June, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> > *Circuit Judges*,
>
> MIRIAM GOLDMAN CEDARBAUM,
> > *District Judge*.[*]

_____

United States of America,

> *Appellee*,

> v.                                                                      Docket No. 08-2834-cr

Rory Praylow, also known as Dog,

> *Defendant-Appellant*.

_____

_____

[*]  The Honorable Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLANT:   PAUL J. MADDEN; Brooklyn, New York.

FOR APPELLEE:    ELIE HONIG, Katherine Polk Failla, Assistant United States Attorneys, of counsel, for Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Patterson, Jr., *J.*).  **UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED** that the sentence of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Defendant-Appellant Rory Praylow pled guilty to conspiracy to distribute and possess with intent to distribute heroin, *see* 21 U.S.C. § 846, distribution and possession with intent to distribute heroin, *see* 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and possession of a firearm in furtherance of a narcotics trafficking crime, *see* 18 U.S.C. § 924(c).  Praylow appeals from the district court's May 13, 2008 judgment, arguing that his aggregate 180-month sentence, consisting of two concurrent 120-month sentences on the narcotics counts and one consecutive 60-month sentence for the guilty plea on the firearms count was plain error under this Court's decisions in *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009) and *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008).  We assume familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

Title 18 U.S.C. § 924(c)(1)(A) criminalizes the use or carrying of a firearm during and in relation to a crime of violence or a drug trafficking crime and imposes specified mandatory minimum terms of incarceration in addition to the punishment provided for the underlying crime "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law."  In *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), we interpreted this "except" clause to mean that a mandatory minimum sentence prescribed under § 924(c) need not run

consecutively to any greater mandatory minimum sentence.  *See id.* at 153.  In *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), we extended *Whitley*, holding that a district court's contrary interpretation of § 924(c) constituted plain error.  *See id.* at 169 n.2, 176.

In this case, sentencing Praylow before this Court issued its decisions in *Whitley* and *Williams*, the district court concluded that Praylow's mandatory minimum sentence of 60 months' incarceration for his § 924(c) conviction must run consecutively to his sentence on his narcotics conviction under 21 U.S.C. § 841(a), even though the latter conviction carried a mandatory minimum of 120 months' imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A).  This ruling, though not objected to below, was plain error requiring a remand for resentencing.[1]  *See United States v. Williams*, 558 F.3d at 170.  In resentencing Praylow, the district court of course retains discretionary authority to impose a consecutive sentence consistent with its responsibility under 18 U.S.C. § 3553.  *See United States v. Whitley*, 529 F.3d at 158.

Accordingly, the sentence of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1]  We are mindful that the United States has petitioned for a writ of certiorari in *Williams*, *see United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), petition for cert. filed, 78 U.S.L.W. 3254 (U.S. Oct. 20, 2009) (No. 09-466), and that the Supreme Court has granted certiorari in *United States v. Abbott*, 574 F.3d 203 (3d Cir. 2009), cert. granted, 130 S. Ct. 1284 (U.S. Jan. 25, 2010) (No. 09-479), and *United States v. Gould*, 329 F. App'x 569 (5th Cir. 2009), cert. granted, 130 S. Ct. 1283 (U.S. Jan. 25, 2010) (No. 09-7073), which also address mandatory consecutive sentencing under § 924(c).  In the absence of any contrary authority from the Supreme Court, however, our existing precedents compel the conclusion that the imposition of a mandatory consecutive sentence in the instant case was plain error.