CLD-217                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-1213 and 10-1384
_____

TYRONE EGBERT WEBB,
                                                    Appellant

v.

WARDEN JERRY C. MARTINEZ; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-01824)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 10, 2010

Before:  BARRY, FISHER and GREENAWAY, <u>Circuit</u> <u>Judges</u>.

(Filed: July 8, 2010 )
_____

OPINION
_____

PER CURIAM

    Appellant Tyrone Egbert Webb, proceeding <u>pro</u> <u>se</u>, appeals from the judgment of

the District Court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241. For the reasons that follow, we will summarily affirm the judgment of the District Court.

Webb is presently incarcerated at the Low Security Correctional Institution at Allenwood, Pennsylvania. In 1993, he was convicted in the United States District Court for the District of South Carolina of four drug-related crimes, including carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). He was sentenced to serve 327 months in prison on three of the convictions, with a consecutive 60-month sentence on the 18 U.S.C. § 924(c) conviction. The United States Court of Appeals for the Fourth Circuit affirmed his judgment and sentence.

Webb then filed two motions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in federal court in South Carolina, both of which were denied. In 2008, he filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which was also denied. Webb then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the same court. In it, he sought to challenge the validity of the five-year sentence imposed pursuant to 18 U.S.C. § 924(c). The District Court construed the petition as a motion for relief pursuant to 28 U.S.C. § 2255 and dismissed it as successive.

Webb then turned to the United States District Court for the Middle District of Pennsylvania, filing a § 2241 petition in which he again challenged the constitutionality of the five-year sentence imposed pursuant to 18 U.S.C. § 924(c). He later filed a motion to amend his petition to include a claim that he was deprived of the right to counsel in

2

connection with a 1976 state court conviction. The Magistrate Judge recommended that the petition be dismissed because 28 U.S.C. § 2255 provided an adequate remedy for Webb's sentencing claim, and Webb was not in the same position as the petitioner in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The District Court agreed and adopted the Magistrate Judge's Report & Recommendation by order dated January 4, 2010. Webb subsequently filed objections in which he argued that he should be able to pursue relief in this Circuit under § 2241 because he filed a § 2255 motion in South Carolina but the District Court would not hear it. He further maintained that his situation was similar to that in Dorsainvil, in which this Court held that § 2241 may provide an avenue of relief for a prisoner who is rendered legally innocent by a later Supreme Court decision. Similarly, Webb alleged that he is "actually innocent" of his sentence in light of the decision of the United States Court of Appeals for the Second Circuit in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008).

Upon receipt of the District Court's order adopting the Report & Recommendation of the Magistrate Judge, Webb filed a notice of appeal which was docketed at C.A. No. 10-1213. Because Webb's objections were timely filed under the "mailbox rule," the District Court reviewed the Report & Recommendation de novo. The Court then entered a second order in which it overruled Webb's objections and again adopted the Report & Recommendation. Webb filed a second notice of appeal, which was docketed at C.A. No. 10-1384. The appeals have since been consolidated.

3

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We will summarily affirm the order of the District Court because this appeal presents no substantial question. See 3d Cir. LAR 27.4 & I.O.P. 10.6. A motion pursuant to 28 U.S.C. § 2255 is the exclusive means to collaterally challenge a federal conviction or sentence. We have held that we cannot consider a habeas corpus petition unless a § 2255 motion would provide an "inadequate or ineffective" means of relief. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not inadequate or ineffective simply because Webb is prevented by the gatekeeping requirements of § 2255(h) from litigating his present sentencing challenge. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").

Webb analogizes his situation to that in Dorsainvil, where petitioner sought to challenge his conviction based on conduct later deemed by the Supreme Court not to be illegal. See id. at 251. He relies on a recent decision of the Second Circuit Court of Appeals, which held that a criminal defendant could not be sentenced to a consecutive sentence under 18 U.S.C. § 924(c) if he is subject to a higher mandatory minimum sentence for any other crime of which he was convicted. See Whitley, 529 F.3d at 153.[1]

_____

[1]Section 924(c)(1)(A) provides that:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including

Unlike in Dorsainvil, Webb's claim is not that he was convicted of conduct later deemed not to be criminal, but that his sentence exceeded the statutory maximum. In United States v. Abbott, 574 F.3d 203 (3d Cir. 2009), cert. granted, 130 S. Ct. 1284 (2010), we joined the majority of other circuits in rejecting this underlying premise. In contrast to the Second Circuit, we held that the "except" clause in § 924(c) refers only to other minimum sentences that may be imposed for violations of § 924(c), not separate offenses. See id. at 211. The Fourth Circuit, where Webb was convicted and sentenced, has reached the same conclusion. See United States v. Studifin, 240 F.3d 415, 423 (4th Cir. 2001). Thus, even if we were to find that Webb could proceed under § 2241, which we do not, he would not be entitled to any substantive relief in either this Circuit or the Fourth Circuit.

---

> a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>> (i) be sentenced to a term of imprisonment of not less than 5 years;
>> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). The applicable sentence must run consecutively to any other term of imprisonment. See 18 U.S.C. § 924(c)(1)(D)(ii). The defendant in Whitley was subject to a mandatory minimum sentence of 15 years under 18 U.S.C. § 924(e). See 529 F.3d at 152. He also was subject to a mandatory consecutive sentence of 10 years pursuant to § 924(c). See id. The Second Circuit held that, read literally, the "except" clause meant that he was subject only to the 15-year mandatory minimum of § 924(e), and that the consecutive 10-year weapons sentence did not apply. See id. at 153.

5

We also agree with the District Court that § 2241 does not provide Webb with a vehicle by which to challenge the constitutionality of his 1976 state court conviction, whatever its implications for his federal sentence may have been. See Daniels v. United States, 532 U.S. 374, 382 (2001) (explaining that, under limited circumstances, a defendant may challenge the use of a prior state court conviction to enhance a federal sentence on direct or collateral review, but if "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse").

For all of these reasons, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4 & I.O.P. 10.6. Appellant's motion for the appointment of counsel is denied.