CLD-273                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2075
_____

MARCUS WILLIAMS,
                                        Appellant

v.

PAUL SCHULTZ

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-04765)
District Judge:  Honorable Renee M. Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 19, 2010

Before:  BARRY, FISHER and GREENAWAY, JR., Circuit Judges.

(Filed: September 9, 2010)
_____

OPINION
_____

PER CURIAM

　　Appellant Marcus Williams, proceeding pro se, appeals from the District Court's

denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the

reasons that follow, we will summarily affirm the judgment of the District Court.

Williams is presently incarcerated at the Federal Correctional Institution at Fairton, New Jersey. In 2004, he was convicted in the United States District Court for the Eastern District of Pennsylvania of conspiracy to distribute, and possession with intent to distribute, in excess of 50 grams of cocaine base, and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). He was sentenced to 240 months in prison on the first two convictions, with a consecutive 60-month sentence on the firearm conviction. We affirmed his conviction and sentence on appeal. Williams then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, raising two claims of ineffective assistance of counsel. His motion was denied, and we rejected his request for a certificate of appealability.

Two years later, Williams initiated the underlying proceedings by filing a 28 U.S.C. § 2241 petition. In it he sought to raise three claims: (1) trial counsel was ineffective for failing to object to the use of prior misdemeanor convictions to enhance his sentence; (2) trial counsel was ineffective for stipulating to the amount and type of drugs in the indictment; and (3) he is "actually innocent" of his sentence in light of the decision of the United States Court of Appeals for the Second Circuit in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). The District Court concluded that even if it were to recognize a freestanding "actual innocence" claim as a basis for habeas relief, Williams could not make out such a claim, that his claims were all in the nature of claims which should have been raised in a 28 U.S.C. § 2255 motion, and that his petition was

2

essentially a second or successive § 2255 motion over which the District Court lacked jurisdiction. Because Williams failed to allege that his petition satisfied the requirements of 28 U.S.C. § 2244(b), the Court concluded that it would not be in the interests of justice to transfer it to this Court for consideration under § 2244(b)(3)(A). Williams appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We will summarily affirm the order of the District Court because this appeal presents no substantial question. See 3d Cir. LAR 27.4 & I.O.P. 10.6. A motion pursuant to 28 U.S.C. § 2255 is the primary means to collaterally challenge a federal conviction or sentence. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). We have held that the District Court may not consider claims properly brought under § 2255 in a § 2241 habeas corpus petition unless § 2255 would provide an "inadequate or ineffective" means of relief. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not inadequate or ineffective simply because Williams is prevented by the gatekeeping requirements of § 2255(h) from litigating his present claims. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").

Williams relies on the Second Circuit's decision in Whitley in support of his claim that he is "actually innocent" of his sentence and, therefore, must be entitled to seek habeas relief to vacate it. In Whitley, the Second Circuit held that a criminal defendant could not be sentenced to a consecutive sentence under 18 U.S.C. § 924(c) if he is subject

3

to a higher mandatory minimum sentence for any other crime of which he was convicted.[1]

See 529 F.3d at 153. However, in United States v. Abbott, 574 F.3d 203 (3d Cir. 2009), cert. granted, 130 S. Ct. 1284 (2010), we joined the majority of other circuits in holding, in contrast to Whitley, that the "except" clause in § 924(c) refers only to other minimum sentences that may be imposed for violations of § 924(c), not separate offenses. See id. at 211. Thus, even if we were to find that Williams could proceed under § 2241, which we do not, he clearly is not entitled to any substantive relief under the law of this Circuit.

We also agree with the District Court that § 2241 does not provide Williams with a vehicle by which to raise his ineffective assistance of counsel claims, especially where, as here, these claims appear to have been addressed in part in prior proceedings before this Court. To the extent Williams seeks to file a second § 2255 motion, he must first receive this Court's permission by filing a completed § 2244 application. See 3d Cir. LAR 22.5. Because Williams has failed to obtain such permission, we agree that the District Court lacked jurisdiction to entertain his claims for relief. See Dorsainvil, 119 F.3d at 246.

For all of these reasons, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

_____

[1]The defendant in Whitley was subject to a mandatory minimum sentence of 15 years under 18 U.S.C. § 924(e). See 529 F.3d at 152. He also was subject to a mandatory consecutive sentence of 10 years pursuant to § 924(c). See id. The Second Circuit held that, read literally, the "except" clause in section 924(c)(1)(A) meant that he was subject only to the 15-year mandatory minimum of § 924(e), and that the consecutive 10-year weapons sentence did not apply. See id. at 153.