07-5020-cr
United States v. Wright

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand eleven.

PRESENT:  JOSEPH M. McLAUGHLIN,
            REENA RAGGI,
            PETER W. HALL,
                *Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,
               *Appellee*,

          v.                              No. 07-5020-cr

EDDIE WRIGHT, a.k.a. PROFIT,
               *Defendant-Appellant.*

-----------------------------------------------------------------

APPEARING FOR APPELLANT:    ALAN M. NELSON, Esq., Lake Success, New York.

APPEARING FOR APPELLEE:    ELIZABETH J. KRAMER (Emily Berger, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York

(Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on November 8, 2007, is AFFIRMED.

Defendant Eddie Wright was convicted, after a guilty plea, of (1) conspiratorial and substantive counts of possession with intent to distribute at least 50 grams of crack and at least five kilograms of cocaine, see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846; (2) firearms possession in furtherance of a drug offense, see 18 U.S.C. § 924(c)(1)(A)-(B); (3) possession of firearms with obliterated serial numbers, see id. §§ 922(k), 924(a)(1)(B); and (4) being a felon in possession of a firearm, see id. §§ 922(g)(1), 924(a)(2). He was sentenced to a 480-month prison term on the drug counts; concurrent prison terms of 120 months and 60 months on the felon in possession and firearms with obliterated serial numbers counts, respectively; a consecutive 60-month prison term on the use of a firearm count; ten years' supervised release; and a $600 special assessment. On appeal, Wright argues that his conviction was obtained in violation of due process because he was not present for part of a Curcio proceeding when the district court heard testimony relevant to the issue of his retained counsel's potential conflict of interest. See generally United States v. Curcio, 680 F.2d 881 (2d Cir. 1982). Wright further contends that the district court erred by imposing a 60-month consecutive prison term on the use of a firearm count, see 18 U.S.C. § 924(c)(1)(A)(i), and an overall sentence that is procedurally and substantively unreasonable, see United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Due Process

Because Wright failed to object to what he and both his retained and conflict counsel knew was his absence from the initial portion of the Curcio proceeding, we deem his due process challenge waived. See United States v. Jones, 381 F.3d 114, 122 (2d Cir. 2004) ("[T]he defendant or his counsel must object at the time of the violation or the defendant's right to be present will be deemed waived."); see also United States v. Peterson, 385 F.3d 127, 139 (2d Cir. 2004) ("A rule allowing the defendants, as well as their trial counsel, to stay silent at trial and then claim on appeal that their absence constitutes reversible error will only encourage 'sandbagging.'").

Even if we did not find waiver, the alleged error was harmless. See United States v. Jones, 381 F.3d at 122. Although Wright now asserts that his presence for the testimony of attorney John Loturco and cooperating witness Lenny Matias "would have had some utility in his making a knowing and intelligent decision" to waive the potential conflict, Appellant's Br. at 40, Wright never actually had to make a waiver decision because his guilty plea eliminated Loturco's potential conflict in cross-examining Matias, a potential trial witness whom Loturco had formerly represented. In his brief to this court, Wright did not contend that he would not have pleaded guilty had he been present for the full Curcio proceeding. Nor did he fault counsel's representation in connection with the plea or sentence. While his counsel suggested at oral argument that Wright "might" not have pleaded guilty had he been present for the full Curcio hearing, this is insufficient to establish prejudice. Wright testified in the district court that he was already fully informed of the facts concerning Loturco's brief

3

prior representation of Matias, and understood why those facts created a potential conflict. See Tr. at 30-31, Jan. 17, 2006. Thus, Wright's absence from a hearing where these facts were presented to the district court was harmless.

The same conclusion obtains with respect to Wright's absence during attorney Paul Gianelli's testimony concerning his joint representation of Wright and Matias in the Ramnarine murder investigation because the government had already provided Wright with this information in a January 24, 2006 letter. As for Wright's absence when the government characterized him as "the lead suspect" in the Ramnarine murder, see id. at 24, the government's January 5, 2006 motion in limine had already indicated that Matias could link Wright to this murder. Moreover, in subsequent written and oral sentencing submissions, Wright never objected to being sentenced based upon his responsibility for the Ramnarine murder and never requested a Fatico hearing. Accordingly, Wright cannot demonstrate that his absence from part of the Curcio proceeding resulted in any prejudice.

2.      Sentence

a.      Consecutive 60-month Prison Term for Use of a Firearm

Wright contends that the imposition of a consecutive 60-month prison term on the use of a firearm count, see 18 U.S.C. § 924(c)(1)(A)(i), runs afoul of our decisions in United States v. Williams, 558 F.3d 166 (2d Cir. 2009), and United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). This argument fails because our construction of § 924(c)(1)(A) in Williams and Whitley was abrogated by the Supreme Court's decision in Abbott v. United States, 131 S. Ct. 18 (2010), see United States v. Tejada, 631 F.3d 614, 619 (2d Cir. 2011), and,

4

therefore, the district court was statutorily obliged to impose the challenged consecutive sentence.

###### b.      Procedural Reasonableness

Wright submits that his overall sentence was procedurally unreasonable because the district court miscalculated the Sentencing Guidelines. See United States v. Cavera, 550 F.3d at 190. He is mistaken.

As Wright concedes, the district court "correctly determined that [his] Base Offense Level was 42, and that his Criminal History Category was VI." Insofar as the court determined that this calculation results in a sentencing range of 420 months to life, rather than 360 months to life as Wright urges, see Appellant's Br. at 29, the range obviously included the mandatory consecutive 60-month prison term under § 924(c)(1)(A). Wright's counsel acknowledged as much in his sentencing memorandum, which stated that Wright "agrees with the advisory Combined Guideline Imprisonment Range . . . of 420 months to life," Def.'s Sentencing Mem. at 1, a position that counsel reiterated at sentencing, see Sentencing Tr. at 14, Oct. 23, 2007 ("Wright agrees that his advisory sentencing range is 420 months to life.").[1] In these circumstances, we identify no procedural error.

---

[1] Although the district court at one point described Wright's sentencing range as "422 months to life," Sentencing Tr. at 10, Nov. 8, 2007, it is clear from the transcript that the court was referring to Wright's own sentencing memorandum, which incorrectly stated that placing Wright in criminal history category VI "results in an increase in the defendant's sentencing range from 384-465 to 422-life incarceration," Def.'s Sentencing Mem. at 5 (emphasis added).

5

c.      Substantive Reasonableness

Wright claims that his sentence was substantively unreasonable because the district court (1) focused on his prior criminal history and uncharged conduct, while ignoring his willingness to cooperate and his establishment of a family support structure; (2) interrupted his counsel's discussion of Wright's family circumstances, substance abuse, and sexual abuse as a child; and (3) refused to consider statistical evidence concerning his likelihood of recidivism. We will set aside a district court's substantive determination only in "exceptional" cases where the court's decision cannot be located within the range of permissible decisions. United States v. Cavera, 550 F.3d at 189; accord United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing that "in the great majority of cases, a range of sentences – frequently extending well beyond the narrow ranges prescribed by the Guidelines – must be considered reasonable"). This is not such a case.

Although the court asked Wright's counsel not to repeat arguments made in his "very clear, very well-written" sentencing memorandum, Sentencing Tr. at 16, Oct. 23, 2007, it nevertheless permitted counsel to reiterate and elaborate on his written arguments, including those concerning Wright's family circumstances, substance abuse, past sexual abuse, and likely recidivism given his age, see id. at 22-25, 36-37. To the extent Wright faults the weight accorded these factors by the district court, we identify no abuse of discretion. See United States v. Cavera, 550 F.3d at 191; United States v. Fernandez, 443 F.3d 19, 34 (2d Cir. 2006).

6

We further reject Wright's argument that his sentence is substantively unreasonable because it is "25 years above the statutory mandatory minimum and 15 years above the low end of the proper advisory Guideline range." Appellant's Br. at 33. Although Wright's combined 540-month prison term is ten years above the low-end of his Guidelines range (with the addition of the consecutive 60-month prison term), it is nevertheless within that range, which extends to life. See United States v. Fernandez, 443 F.3d at 27 ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."). Moreover, Wright was a career offender. Indeed, as the district court observed, "there [was] no extensive period in which [he] was not involved in some criminal enterprise." Sentencing Tr. at 12, Nov. 8, 2007. Notably, Wright led an "extensive, widespread and . . . very intelligently operated" narcotics conspiracy, id. at 15, distributing significant quantities of crack and cocaine, supervising "a lot of other people," id., and using multiple firearms to further the scheme. In addition, Wright ordered (1) the successful murder of Ramnarine to prevent his cooperation with law enforcement, and (2) the unsuccessful murder of another co-conspirator. Based on these unchallenged factual findings, as well as the perceived need for both general and specific deterrence articulated by the district court, we conclude that "the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Fernandez, 443 F.3d at 32.

3.      Conclusion

We have considered Wright's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court