**Norman DUPONT, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 04–6159–pr.**

United States Court of Appeals, Second Circuit.

May 15, 2007.

Jeffrey H. Lichtman, New York, NY, for Petitioner–Appellant, Norman Dupont.

Emily Berger, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, on the brief), Brooklyn, NY, for Respondent–Appellee, United States of America.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant Norman Dupont appeals from a September 30, 2004 order of the United States District Court for the Eastern District of New York (Dearie, *J.*) denying Dupont's petition for a writ of habeas corpus under 28 U.S.C. § 2255. Dupont's petition arises from his conviction, after a jury trial, of murder and conspiracy to murder in aid of racketeering, extortion and extortion conspiracy, and the use and carrying of firearms in connection with those crimes of violence, in violation of 18 U.S.C. §§ 1959, 1951, & 924(c)(1). Dupont's central contention is that he was denied effective assistance of counsel by his trial attorney's decision not to present an alibi defense. We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal of a denial of a § 2255 motion, "we review a district court's conclusions of law *de novo* but will accept its factual findings unless they are clearly erroneous." *Sapia v. United States,* 433 F.3d 212, 216 (2d Cir.2005). The Supreme Court's two-pronged test in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), provides that in order to prove a Sixth Amendment violation, a defendant must show both (i) "that counsel's representation fell below an objective standard of reasonableness ...." under prevailing professional norms," *id.* at 688, 104 S.Ct. 2052, and (ii) that the deficient performance prejudiced the defense, or, in other words, "that counsel's errors were so serious as to deprive the

defendant of a fair trial," *id.* at 687, 104 S.Ct. 2052.

We find no clear error in the district court's factual finding that defendant failed credibly to establish the existence of alibi evidence at the time of trial. Absent such evidence, there is no basis for defendant's ineffective assistance claim. Further, we identify no legal error in the court's alternative conclusion that, even if such alibi evidence did exist, the trial attorney's decision not to call the purported alibi witnesses was a reasonable tactical decision. As such, counsel's behavior did not rise to the level of ineffective assistance, for " '[a] lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision.' " *Greiner v. Wells,* 417 F.3d 305, 319 (2005) (alteration in original) (quoting *DeLuca v. Lord,* 77 F.3d 578, 588 n. 3 (2d Cir.1996)), *cert. denied, Wells v. Ercole,* —— U.S. ——, 126 S.Ct. 1363, 164 L.Ed.2d 72 (2006).

Because we find that the defendant does not demonstrate that his attorney's behavior was objectively unreasonable, we need not address the district court's finding that there was no prejudice as a result of his behavior. *See Strickland,* 466 U.S. at 697, 104 S.Ct. 2052 ("[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one.")

For the foregoing reasons, we AFFIRM the judgment of the district court.