Jaime CHAVEZ, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 10 Civ. 4005(VM).

United States District Court,
S.D. New York.

Feb. 7, 2011.

Jaime Chavez, Waymart, PA, pro se.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Petitioner Jaime Chavez ("Chavez") brought this pro se motion pursuant to 28 U.S.C. § 2255 ("§ 2255") to vacate, set aside, or otherwise correct his sentence. Chavez is serving a sentence of 660 months in prison following a conviction for conspiracy to distribute and possess cocaine and unlawful possession of a firearm

equipped with a silencer in furtherance of the drug trafficking offense. Chavez contends that his sentence must be vacated because, among other things, he was denied his Sixth Amendment right to effective assistance of counsel. For the reasons discussed below, the Court DENIES Chavez's petition.

### I. *BACKGROUND* [1]

On December 22, 2004, Chavez was charged by indictment ("Indictment") with: conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(2) and 841(b)(1)(A) ("Count One"); unlawful possession of a firearm equipped with a silencer in furtherance of a drug trafficking crime charged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii) ("Count Two"); and unlawful possession of a loaded 9–millimeter semi-automatic pistol and 112 rounds of 9–millimeter ammunition, in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Three"). The Indictment alleged that Chavez was a member of a narcotics conspiracy that operated in various areas, including New York City and California. Other alleged members of the conspiracy included Anastacio Acosta, Gregorio Barazza, Daniel Barraza, Jose Luis Barraza, and cooperating witness Nicholas Ibarra ("Ibarra"). Chavez proceeded to a jury trial before the Honorable Gerard E. Lynch, then United States District Judge for the Southern District of New York.

The Government's evidence at trial consisted principally of: (1) intercepted tele-

---

**1.** The factual and procedural summary below is derived from the following documents and any exhibits attached thereto: Chavez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, dated April 7, 2010 ("Petition"); Letter, dated August 20, 2010, submitted by the United States of America in opposition to the Petition; and Petitioner Chavez's Reply to Government's August 20, 2011 Letter Response dated September 20, 2010 ("Reply"). Except where specifically referenced, no further citation to these sources will be made.

phone conversations between Chavez and other co-conspirators; and (2) the testimony of Ibarra who (i) interpreted some of the coded terms used in the co-conspirators' telephone conversations, (ii) described the organization's narcotics distribution, including his long-term relationship with Gregorio Barraza, and (iii) described Chavez's role as Gregorio Barraza's superior in the organization. The Government also introduced through testimony of Federal agents and physical evidence: (1) a seizure of more than $100,000 in narcotics proceeds from Chavez and Jose Luisa Barraza in Nebraska on October 15, 2001; (2) a seizure of 5 kilograms of cocaine from co-conspirator Carlos Herrera in upper Manhattan on September 24, 2002; (3) a seizure of 25 kilograms of cocaine and three firearms from co-conspirator and eventual cooperating witness Ibarra at 2154 Bruckner Boulevard in the Bronx on September 24, 2002; (4) a seizure of 4 kilograms of cocaine and approximately $178,000 in narcotics proceeds from co-conspirator Jose Nunez, a/k/a "Che," at a garage located at 10 West 181st Street in the Bronx on November 14, 2002; and (5) the seizure of two firearms—those charged in Counts Two and Three—from Chavez's apartment on Petrol Street in Paramount, California.

At the close of the Government's evidence, Chavez moved pursuant to Rule 29(a) of the Federal Rules of Criminal Procedures for judgment of acquittal on all counts. Chavez argued, with respect to Count One, that the evidence was insufficient to establish his participation in the charged cocaine conspiracy. As to Counts Two and Three, Chavez asserted that the evidence was insufficient to establish that he possessed the charged firearms, or that he possessed them in furtherance of the conspiracy charged in Count One. Judge Lynch denied the motion, finding that there was sufficient evidence to support a verdict of guilty on all counts. The jury

convicted Chavez in Counts One and Two. Chavez was acquitted on Count Three.

After the verdicts, Chavez submitted a written motion for judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure, and for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. In his motions, Chavez did not dispute that there was sufficient evidence of his possession of the silenced .22–caliber pistol charged in Count Two, but challenged the jury's finding that the firearm was possessed in furtherance of the drug trafficking crime. By Opinion and Order dated March 16, 2005, Judge Lynch denied Chavez's motions in their entirety.

On June 27, 2005, Judge Lynch sentenced Chavez to 300 months of imprisonment on Count One and 360 months on Count Two, to run consecutively, for a total prison term of 660 months, to be followed by five years of supervised release on each count.

Chavez appealed his convictions and sentences on the grounds that: (1) the evidence was insufficient to support his convictions; (2) Judge Lynch erred in admitting certain evidence of a seizure of narcotics currency from Chavez in October 2001; (3) the Government's summations contained improprieties warranting a new trial; (4) there was an error in the jury instruction relating to accomplice witnesses; and (5) Judge Lynch erred in imposing the sentence. The Court of Appeals for the Second Circuit affirmed Chavez's convictions and sentence on December 8, 2008, finding, among other things, that there was sufficient "evidence from which the jury could infer that the wide-spread conspiracy alleged in the indictment existed and that Chavez was a member of it," and that there was "ample" evidence that Chavez possessed the silencer-equipped gun in furtherance of

his drug trafficking crime. *United States v. Chavez*, 549 F.3d 119, 129, 131 (2d Cir. 2008). Chavez then petitioned for a rehearing *en banc*, which was denied on April 27, 2009. Final judgment was entered on May 7, 2009. Chavez timely filed the instant petition dated April 7, 2010.

Chavez argues in the petition that he was denied his Sixth Amendment right to effective assistance of counsel. Chavez contends that certain cumulative errors on the part of his trial attorney, Robert Ramsey ("Ramsey"), who is now deceased, rendered his assistance ineffective. Specifically, Chavez alleges that Ramsey: (1) failed to inform Chavez of his right to testify at trial, and informed Chavez that Federal district judges "routinely deny a criminal defendant's right to testify in his behalf" (Petition at 18–20); (2) failed to seek a psychiatric evaluation of Chavez; (3) failed to investigate whether an individual named Jose Luis Videl ("Videl") planted the silenced firearm in Chavez's apartment; and (4) failed to challenge Chavez's sentence on Count Two under *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008). In his Reply, Chavez raises numerous additional claims.

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

As a starting point, the Court notes that Chavez is a pro se litigant. Accordingly, his submission must be held "to less stringent standards than formal pleadings drafted by lawyers." *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993) (*quoting Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). The Court must construe Chavez's submissions "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (citation omitted). A pro se litigant, however, is not exempt "from

compliance with relevant rules of procedural and substantive law." *Boddie v. N.Y. State Div. of Parole*, 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (*quoting Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)).

■ A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States, or the court was without jurisdiction to impose such a sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Claims of ineffective assistance of counsel may be raised under § 2255 and are not barred for failure to raise them on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *See Kimmelman v. Morrison*, 477 U.S. 365, 374–75, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). In *Strickland v. Washington*, the Supreme Court established a two-part test to determine whether defense counsel's assistance was ineffective. *See* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness ... under prevailing norms." *Id.* at 688–89, 104 S.Ct. 2052. Second, the defendant must show that he suffered prejudice as a result of defense counsel's deficient performance. *See id.* at 693, 104 S.Ct. 2052. Prejudice is established where "there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Pursuant to *Strickland* and its progeny, counsel has a duty to investigate. *See id.* at 691, 104 S.Ct. 2052. Counsel's decision not to investigate must be assessed for reasonableness under the circumstances. *See id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690–91, 104 S.Ct. 2052. Consequently, "[t]he *Strickland* standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." *Lindstadt v. Keane,* 239 F.3d 191, 199 (2d Cir. 2001).

## B. INEFFECTIVE ASSISTANCE

### 1. Trial Counsel's Failure To Inform Chavez of His Right to Testify

Chavez claims that Ramsey was ineffective for failing to advise Chavez of his right to testify, and for advising him that Federal judges "routinely deny" a defendant's request to testify. To establish an ineffective assistance of counsel claim, Chavez must satisfy the two-prong test established in *Strickland.*

The Court finds that Chavez's conclusory and unverified assertions regarding his now-deceased counsel's advice are suspect. First, it seems highly improbable that a seasoned criminal defense attorney, whom Chavez himself retained, would give Chavez such outlandish advice regarding the practices of Federal judges. Nevertheless, Judge Lynch's instructions to the jury at the start of trial would have corrected any mistaken notion that Chavez had regarding his right to testify on his own behalf. Judge Lynch specifically stated that "there is no obligation on the defense to put on anything at all, but if they

choose to, their witnesses will be examined and cross-examined the same as the Government's were" and that "a defendant never has to testify or present any evidence at all." (Tr. 44.) These statements should have at least signaled to Chavez that he could have testified if he was inclined to do so.

■ Regardless of whether Chavez's conclusory allegations establish deficient performance, Chavez cannot satisfy the prejudice prong of the *Strickland* test. *See Strickland,* 466 U.S. at 697, 104 S.Ct. 2052 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed."); *see also Underwood v. Clark,* 939 F.2d 473, 476 (7th Cir.1991) (finding that a conclusory allegation that a lawyer prohibited defendant from testifying is inadequate to require hearing). Chavez acknowledges that the only reason he wanted to testify was to explain to the jury the true context and meaning of the telephone conversations admitted into evidence against him. Chavez contends that his testimony could have changed the jury's interpretation of the context of the conversations and that there is a reasonable probability that the resulting verdicts could have been different.

The Court disagrees. Other than Chavez's conclusory statements, he does not provide any details as to how this "context" would have impacted the trial. Chavez, in fact, admits in his Petition, in reference to an intercepted call admitted into evidence at trial, that it was he who was speaking to an unknown female on July 2, 2002 regarding the "pistol" "with the silencer." (Petition at 4.) In an attempt to discredit the evidence of his guilt, Chavez claims in his Reply that some of the taped conversations were improperly intercepted and thus should not have been admitted into evidence and that Videl planted the firearm in his apartment. As an initial

matter, given that Chavez consented to a search of his apartment following his arrest and informed the Federal agents that they would locate a gun there, the Court finds these assertions unsubstantiated. (Tr. 111.) Moreover, Chavez does not provide any explanation to dispute the other overwhelming evidence of his guilt, including the October 2001 seizure of the narcotics proceeds from him and the incriminating testimony of Ibarra at trial.

Accordingly, the Court finds that there is no reasonable probability that the verdict would have been different even if Chavez had made the statements in question on the stand. *See Brown v. Artuz,* 124 F.3d 73, 79–80 (2d Cir.1997). Because Chavez cannot demonstrate any prejudice, Chavez's ineffective counsel claim based on Ramsey's failure to advise Chavez of his right to testify is denied.

### 2. *Trial Counsel's Failure to Seek a Psychological Evaluation of Chavez*

■ Chavez claims that his trial counsel's failure to raise the issue of his mental competence and order a competency hearing has deprived him of his constitutional right to the effective assistance of counsel. In support of this contention, Chavez asserts that he was severely depressed and routinely under the influence of narcotics and alcohol, and that his depression was so severe that it distorted his ability to make rational decisions. Chavez claims that he informed his counsel that he was severely depressed and this condition it was interfering with his ability to understand the proceeding and make rational decisions.

Other than Chavez's conclusory statements regarding his mental difficulties, there is nothing in the record sufficient to overcome the substantial evidence of Chavez's competency. *See United States v. Romano,* 516 F.2d 768, 771 (2d Cir.1975); *see also Newfield v. United States,* 565 F.2d 203, 207 (2d Cir.1977) ("[W]here no

evidentiary facts are alleged to support a bald allegation of mental incompetence, a hearing may not be required."). Chavez has provided no evidence that he lacked the ability to consult with his attorney or did not understand the nature of the proceedings against him. The Court has not been presented with any psychiatric evaluation documenting Chavez's alleged mental difficulties, despite Chavez's having been incarcerated in the Federal prison system since 2003. This conclusion is bolstered by factual information provided in Chavez's Presentence Investigation Report dated April 8, 2005 (the "PSR") stating that "[t]he defendant reports no history of mental or emotional problems and presented as alert, oriented and cooperative during the presentence interview." (PSR 170.) Although Chavez now claims that he was "routinely under the influence of narcotics and alcohol" during the offense, he reported to the Probation Office only that "he has used cocaine and marijuana in the past" and that he "would only use them at parties and/or on weekends" or that "he would drink alcohol, mostly beer, on almost daily basis," but he apparently indicated no addiction other than that he "feels he would benefit from drug counseling in the future." (PSR ¶¶ 71, 72.)

Accordingly, the Court finds nothing on the record to support a determination of sufficient basis for Ramsey to investigate Chavez's competency to stand trial. Thus, Ramsey's decision not to do so was not unreasonable, and counsel's performance did not fall below the objective standard of effectiveness promulgated in *Strickland.* Accordingly, Chavez's claim of ineffective counsel based on his counsel's failure to raise the issue of Chavez's mental competence is denied.

### 3. *Trial Counsel's Failure to Investigate a Potential Witness*

■ Chavez claims that Videl was actually the individual who planted the firearm

found at his Petrol Street Apartment in Paramount, California which forms the basis of Count Two. Therefore, Chavez contends that Ramsey's failure to investigate Videl, a potentially exculpatory witness, represents ineffective assistance of counsel pursuant to *Strickland*.

"Courts applying *Strickland* are especially deferential to defense attorneys' decisions concerning which witnesses to put before the jury. 'The decision not to call a particular witness is typically a question of trial strategy that [reviewing] courts are ill-suited to second-guess.'" *Greiner v. Wells*, 417 F.3d 305, 323 (2d Cir.2005) (*quoting United States v. Luciano*, 158 F.3d 655, 660 (2d Cir.1998)); *see also Eze v. Senkowski*, 321 F.3d 110, 129 (2d Cir. 2003) ("A defense counsel's decision not to call a particular witness usually falls under the realm of trial strategy that we are reluctant to disturb."). In fact, a decision not to call an exculpatory witness "is ordinarily not viewed as a lapse in professional representation." *United States v. Best*, 219 F.3d 192, 201 (2d Cir.2000); *see also Dupont v. United States*, 224 Fed.Appx. 80, 82 (2d Cir.2007) (finding that even if alibi evidence did exist, "the trial attorney's decision not to call the purported alibi witnesses was a reasonable tactical decision").

Here, Chavez has provided no evidence showing that Ramsey's decision not to investigate Videl was anything but tactical. The Court notes that on direct appeal Chavez contested only the "in furtherance" element of Count Two and never challenged the jury's findings that Chavez possessed the gun. Nevertheless, the Second Circuit found that:

> the evidence was ample to permit the jury to find that Chavez possessed the

silencer-equipped gun found under his pillow to provide security for his narcotics conspiracy operation and protect Chavez against an expressly anticipated murder attempt on his life by his drug suppliers, and hence was possessed in furtherance of his drug trafficking crime.

*Chavez*, 549 F.3d at 131. Furthermore, as indicated previously, Chavez admitted to arresting agents that he knew about the silenced firearm and had handled it. (Tr. 119.) He even consented to a search of his apartment and informed the Federal agents that they would find a gun. (Tr. 111.) It is only now, almost seven years after his arrest and six years following his trial that Chavez asserts for the first time that the gun was planted in his apartment. Accordingly, it was reasonable for Ramsey not to expend resources and time on such a futile defense. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

Chavez contends that the "probability that [investigating Videl] would have changed the outcome of Petitioner's trial is sufficient to undermine confidence in the trial verdict." (Petition at 24.) Yet he admits that his "claim cannot be resolved conclusively based on the existing record."[2] (*Id.*) Because Chavez has not presented any credible evidence, other than his conclusory, self-serving statements, that the investigation of Videl would have assisted his defense, the Court is not persuaded that his claim of ineffective assistance has any merit.

### 4. *Trial Counsel's Failure to Challenge Chavez's Sentence on Count Two under United States v. Whitley*

■ Chavez asserts that his trial counsel should have argued at sentencing, rely-

---

**2.** To the extent Chavez requests an evidentiary hearing or to expand the record, his request is denied. *See Williams v. United States,* 503 F.2d 995, 998 (2d Cir.1974)

("Where allegations in the petition are immaterial, conclusory and palpably false, there is no basis for a hearing.").

ing on *United States v. Whitley,* 529 F.3d 150 (2d Cir.2008), that the Court was barred from sentencing him on the firearms conviction in Count Two. First, Ramsey's conduct cannot be considered unreasonable for failing to predict the outcome of *Whitley,* a case that was decided three years after Chavez's sentencing. *See Muniz v. United States,* 360 F.Supp.2d 574, 579 (S.D.N.Y.2005) ("[C]ounsel's performance must be judged as of the time of counsel's conduct, [the defendant's] attorney cannot be deemed ineffective for failing to anticipate a potential Sixth Amendment challenge as alleged in *Booker.*"). Second, Chavez was not prejudiced because, even if Ramsey had asserted the *Whitley* argument, that claim would have been dismissed on the merits.

Section 924(c) of Title 18 of the United States Code ("Section 924(c)"), provides that mandatory consecutive sentences are to be imposed "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." § 924(c)(1)(A). In *Whitley,* the Second Circuit held that the "except" clause prohibited the application of a consecutive Section 924(c) sentence where the defendant is also subject to a *longer* minimum sentence resulting from another count of conviction. This issue was further examined in *United States v. Williams,* where the Second Circuit applied *Whitley* to the narcotics context, holding that "the mandatory minimum sentence under section 924(c)(1)(A) is also inapplicable where the defendant is subject to a *longer* mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense." 558 F.3d 166 (2d Cir.2009) (emphasis added). Accordingly, the "except" clause is inapplicable where the minimum narcotics sentence is *shorter* than the Section 924(c) sentence.

Here, the Court was required to sentence Chavez to a term of at least 20 years for conspiring to distribute and to possess with intent to distribute more than five kilograms of cocaine under 21 U.S.C. § 841(b)(1)(A). Pursuant to Section 924(c)(1)(B)(ii), Chavez's conviction for unlawful possession of a firearm equipped with a silencer in furtherance of the drug trafficking crime carried a mandatory 30–year sentence. Because Chavez's narcotics sentence is 10 years shorter than his Section 924(c) sentence, the very authorities relied upon by Chavez make clear that the "except" clause does not relieve him from his consecutive 30–year firearms sentence. Accordingly, because Ramsey was neither unreasonable in failing to assert the *Whitley* argument at Chavez's sentencing nor was Chavez prejudiced by that circumstance, the Court rejects Chavez's claim of ineffective assistance.

### C. *OTHER CLAIMS*

In his Reply, Chavez for the first time raises numerous claims that this Court construes as contentions of innocence. Chavez also appears to request: (1) an evidentiary hearing pursuant to *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); (2) that the Court, pursuant to *Harris v. Nelson,* 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), direct the Government to produce all information related to Videl and his alleged involvement as a confidential informant; (3) a new trial under *Kyles v. Whitley,* 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), with an instruction that the jurors may consider the Government's failure to present evidence concerning Videl's alleged involvement in connection with Count Two; and (4) that the Court expand the record, pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings, and direct the Government to produce certain

intercepted calls between Chavez and a certain female.

As an initial matter, the Court notes that these requests are procedurally improper. It is well-established that motions must be made in a party's moving papers, not in a reply brief. *See, e.g., United States v. Yousef,* 327 F.3d 56, 115 (2d Cir.2003) ("We will not consider an argument raised for the first time in a reply brief."); *United States v. Greer,* 285 F.3d 158, 170 n. 3 (2d Cir.2002) (argument raised for first time in reply brief is waived). In any event, based upon a review of the facts in the record and the parties' submissions, the Court finds that Chavez's various requests do not provide any meritorious basis for relief under § 2255.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the petition dated April 7, 2010 of petitioner Jaime Chavez ("Chavez") to vacate, set aside, or otherwise correct his conviction and sentence pursuant to 28 U.S.C. § 2255 is DENIED.

As Chavez has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c).

**SO ORDERED.**