**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4467**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DERRICK JOMELL PERRY, a/k/a Mel,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:06-cr-00082-FL-1)

Submitted:  April 28, 2011              Decided:  May 13, 2011

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, MCCOTTER, ASHTON & SMITH, P.A., New Bern, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Brian S. Meyers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Derrick Jomell Perry of distribution of more than five grams of crack cocaine, 21 U.S.C. § 841(a)(1) (2006) (count two), possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1) (count five), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (2006) (count six). Perry received a 170-month sentence on count two, a concurrent sixty-month sentence on count five, and a consecutive sixty-month sentence on the firearms conviction, for a total of 230 months' imprisonment. By published opinion, this court affirmed Perry's convictions but vacated Perry's sentence in light of Kimbrough v. United States, 552 U.S. 85, 101-07 (2007), in which the Supreme Court held that the 100:1 crack-to-powder cocaine ratio could be a basis for variance. United States v. Perry, 560 F.3d 246 (4th Cir. 2009). This court added, "[a]s a result, it is premature for us to consider Perry's remaining challenge to the district court's denial of his additional requests for a variance below the suggested guideline range." Id. at 259. Perry now appeals the 170-month sentence he received at resentencing.[1]

---

[1] Prior to resentencing, the district court granted Perry's 18 U.S.C. § 3582(c)(2) (2006) motion for a reduction of sentence (Continued)

2

On appeal, Perry argues the district court: (1) failed to exercise its discretion under Kimbrough and reduce his sentence based on the 100:1 crack-to-powder ratio; (2) erred in not granting a downward variance based on the use of acquitted conduct at sentencing to increase his sentence and the various arguments he proffered in consideration of the 18 U.S.C. § 3553(a) (2006) factors; (3) erred in not recalculating a lower criminal history category based on Amendment 709 of the U.S. Sentencing Guidelines (U.S.S.G.), which became effective after his original sentence; and (4) erred in imposing a consecutive five-year sentence despite the "exception clause" of 18 U.S.C. § 924(c)(1)(a). The Government responds that the district court did not abuse its discretion in denying Perry's motion for a downward variance and in sentencing him within the Sentencing Guidelines range. It further contends that Perry's arguments with respect to the consecutive § 924(c) sentence and Amendment 709 were barred from consideration under the mandate rule.

This court reviews Perry's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). "The first step in this review requires us to ensure that the district court committed no

_____

based on the amendment to the Guidelines for crack cocaine offenses and sentenced him to 197 months' imprisonment.

3

significant procedural error, such as improperly calculating the Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (internal quotation marks, citations and alterations omitted). We then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the Guidelines range, this court presumes on appeal that the sentence is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (permitting presumption of reasonableness for within-Guidelines sentence).

Perry first maintains that his sentence is substantively unreasonable because the district court refused to grant a variance on the basis of the 100:1 crack-to-powder ratio. In Kimbrough, the Supreme Court held that a district court was entitled to disagree with and to decline to follow the crack-to-powder ratio expressed in the Guidelines. The Court has since reinforced the point that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Spears v. United States, 129 S. Ct. 840, 843-44 (2009). Perry received the benefit of the 2007 amendments to the Sentencing Guidelines designed to address the crack-to-powder cocaine disparity. The record further reflects the

4

district court amply understood its discretion in this case, stating that it recognized its discretion "to vary further to consider the defendant's motion for a downward departure." Ultimately, the district court determined there was no appropriate basis to further amend the judgment to reflect the disparity. See United States v. Caldwell, 585 F.3d 1347, 1355 (10th Cir. 2009) (upholding district court's decision not to vary from crack-to-powder ratio because "[n]othing in Kimbrough mandates that a district court reduce a defendant's sentence in order to eliminate the crack/powder sentencing disparities"), cert. denied, 131 S. Ct. 209 (2010). Because the district court was not obligated to vary from the Guidelines range under these circumstances, we conclude that the district court's decision not to grant a downward variance did not render Perry's sentence substantively unreasonable.

Perry also contends the district court should have granted a downward variance based on his argument regarding the role acquitted conduct played in determining the drug quantity for which he was held responsible. To the extent Perry argues the impropriety of attributing acquitted conduct to him, his claim was expressly rejected by this court in his first appeal. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (explaining mandate rule forecloses relitigation of issues expressly or impliedly decided by the appellate court). To the

5

extent Perry requested that the district court consider as a mitigating factor that ninety-three percent of the crack cocaine attributed to him was based on acquitted conduct, the court specifically heard argument from both parties and determined a variance on that basis was not appropriate. We conclude the district court did not abuse its discretion in this regard.

Next, Perry argues the district court abused its discretion in denying his motion for a downward variance based on its arguments concerning the § 3553(a) factors; namely, his rehabilitation in prison, his efforts to be a good father, and his medical problems. In his allocution, Perry informed the court of the classes he had taken in prison, his clean prison record, and his acceptance of responsibility. Importantly, Perry did not argue in his opening brief that the district court failed to consider his arguments or failed to give an adequate explanation of its sentence.[2] Rather, he simply asserts that a downward variance was well supported.

The record reflects the district court heard the parties' arguments regarding all of the factors Perry contended

---

[2] Perry argues in his reply brief that the district court did not adequately articulate its reasons for denying his variance motion, in violation of United States v. Carter, 564 F.3d 325 (4th Cir. 2009). However, this court will not consider issues raised for the first time in a reply brief. United States v. Brooks, 524 F.3d 549, 556 n.11 (4th Cir. 2008).

6

supported a downward variance. In fact, the district court, in fashioning Perry's sentence, emphasized the nature of the offense, noted Perry's four-year track record, and ordered that the judgment direct a medical assessment in light of Perry's medical problems. However, the district court clearly found a sentence within the Guidelines range was appropriate. We conclude the district court did not abuse its discretion in denying the variance on this basis.

Perry also argues that the district court erred in denying his objection to the consecutive sentence under § 924(c) and to the recalculation of his criminal history under Amendment 709. Perry did not raise either of these arguments at his first sentencing or in his first direct appeal. The Government therefore argues that consideration of these arguments was precluded by the mandate rule, which "forecloses relitigation of issues expressly or impliedly decided by the appellate court," and "litigation of issues decided by the district court but foregone on appeal." Bell, 5 F.3d at 66.

We review de novo whether a post-mandate judgment of the district court "contravenes the mandate rule, or whether the mandate rule has been scrupulously and fully carried out." Doe v. Chao, 511 F.3d 461, 464 (2007) (internal quotation marks and citation omitted). The mandate rule prohibits lower courts with limited exceptions from considering questions that the mandate

7

of a higher court has laid to rest. Id. at 465. The rule likewise restricts the district court's authority on remand from the court of appeals. "[A]ny issue conclusively decided by this [C]ourt on the first appeal is not remanded, and second, any issue that could have been but was not raised on appeal is waived and thus not remanded." Id. (citation omitted).

At resentencing, Perry argued that the district court should not impose a consecutive, statutorily-mandated sixty-month prison term on count six, relying on the interpretation of the "except clause" given in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), and United States v. Williams, 558 F.3d 166 (2d Cir. 2009), abrogated by Abbott v. United States, 131 S. Ct. 18 (2010).[3] Perry argued that he was already subject to a ten-year mandatory minimum sentence due to his drug conviction. Perry conceded below, however, that this claim was foreclosed by United States v. Studifin, 240 F.3d 415 (4th Cir. 2001), in which this court determined that the "except to the extent" language in § 924(c)(1) merely serves to connect the prefatory

---

[3] Section 924(c)(1)(A) of Title 18 begins by stating "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law," and then provides a mandatory minimum sentencing schedule depending upon certain conditions precedent. 18 U.S.C. § 924(c)(1)(A).

language of the subsection with other subdivisions of the chapter. Id. at 423. Perry nonetheless sought to preserve the issue given the Circuit split at the time. The district court denied the motion.

We conclude this argument was foreclosed by the mandate rule as Perry could have, but did not, raise it in his first appeal. This argument was plainly available to Perry at that time, and he did not at resentencing rely on a change in the law or newly discovered evidence, or purport to correct a blatant error to prevent a serious injustice. See Doe, 511 F.3d at 467. Because Perry could have raised this issue in his first appeal but did not, the district court did not have authority to consider this argument. Even if the court could have considered this argument, it is foreclosed by the Supreme Court's decision in Abbott, 131 S. Ct. at 23 (holding "that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction.").

We also conclude that the district court was precluded from considering Amendment 709 to the U.S.S.G., which altered how the probation officer counts misdemeanor and petty offenses in determining the criminal history category. Although the district court heard Perry's arguments as to the Amendment and

9

its applicability, and ultimately denied the motion, the calculation of Perry's criminal history category was implicitly foreclosed by this court's mandate. Furthermore, the district court was required to apply the Guidelines "that were in effect on the date of the previous sentencing of the defendant prior to the appeal," which did not include Amendment 709. 18 U.S.C. § 3742(g)(1) (2006).

With respect to the establishment of the Guidelines range, we note that on remand the district removed the two-level enhancement for reckless endangerment initially applied to Perry's sentence. Perry did not challenge the enhancement in his first appeal. Although the district court exceeded the scope of the mandate in removing the two-point enhancement, the error inures to Perry's benefit. See Greenlaw v. United States, 554 U.S. 237, __, 128 S. Ct. 2559, 2564-67 (2008) (holding that, in the absence of a Government cross-appeal, an appellate court may not sua sponte correct a district court error if the correction would be to the defendant's detriment).

For the reasons stated, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

10